UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SULTANA BEGUM

    Plaintiff,

v.

DYCK-O'NEAL, INC., a Texas corporation

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, SULTANA BEGUM, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, DYCK-O'NEAL, INC., hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

### VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a Texas corporation whose transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, Sultana Begum is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant, Dyck-O'Neal, Inc., is a Texas corporation, and has its principal place of business in Arlington, Texas where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

5. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

6. Plaintiff is alleged to have incurred a financial obligation resulting from the short sale of her home. Such amount is a "debt" as defined by 15 U.S.C. §1691a(5).

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. In January and February 2013, Defendant contacted the Plaintiff by telephone.

9. The telephone calls were placed by the Defendant.

10. Defendant in an effort to collect the alleged debt on behalf of Defendant, telephoned Plaintiff (i.e. communication) requesting payment.

11. The telephone communication failed to properly disclose that Defendant is a debt collection in violation of 15 U.S.C. § 1692e(11).

12. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be

construed liberally so as to effectuate its remedial purpose. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

13. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 12, herein.

14. Defendant's communications occurring in January to February 2013 failed to disclose to Plaintiff that Defendant was a debt collector, in violation of 15 U.S.C. § 1692e(11).

15. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

16. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

17. Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

DATED: March 20, 2013.

                                              MILITZOK & LEVY, P.A.
                                              Attorneys for Plaintiffs
                                              The Yankee Clipper Law Center
                                              3230 Stirling Road, Suite 1
                                              Hollywood, Florida 33021
                                              (954) 727-8570 - Telephone
                                              (954) 241-6857 – Facsimile
                                              mjm@mllawfl.com

                                              By: /s/ Matthew J. Militzok
                                              MATTHEW J. MILITZOK, ESQ.
                                              Fla. Bar No.: 0153842